IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 2:06-CR-00232

TIMOTHY L. TAYLOR,

        Defendant.

.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court is Defendant's Motion Seeking Amendment to Remove Two Point Enhancement [Docket 112]. Defendant Timothy L. Taylor is serving a sentence of 60 months upon his guilty plea to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), to be followed by a four-year term of supervised release. (Docket 90.) He did not take a direct appeal. On January 29, 2009, Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in this Court, (Docket 94), which Chief Judge Joseph R. Goodwin denied by Memorandum Opinion and Order dated January 22, 2010. (Dockets 110, 111.) Defendant did not file an appeal.

      Defendant filed the instant motion to amend his PSR on June 25, 2010. (Docket 112.) Defendant requests that this Court remove from his PSR the U.S.S.G. § 2D1.1(b)(1) two-point enhancement for possession of a firearm so that he can receive the early release benefit of the Residential Drug Abuse Treatment Program (RDAP) administered by the BOP. Defendant essentially argues that, as evidenced by Judge Goodwin's comments at his original sentencing, "it

was clearly the intent that upon complection of the RDAP, Taylor should be eligible for the credit on his sentence pursuant to 18 U.S.C. § 3621." (Docket 112 at 3.) This intent was frustrated, Defendant argues, because presumably unbeknownst to Judge Goodwin, "[t]he BOP . . . is precluded by its regulations from permitting Taylor any credit for his sentence as a result of the 2-point gun enhancement in his presentence report." (*Id.*)[*]

The instant motion, as it seeks to vacate, set aside, or correct a component of Taylor's original sentence, is most accurately characterized as a 28 U.S.C. § 2255 petition. *See United States v. Fraley*, No. 07-18-KSF, 2007 WL 1876455, at * 1 (E.D. Ky. June 27, 2007) (analyzing this issue as raised in a 28 U.S.C. § 2255 petition); *Hickerson v. Willingham*, No. 3:06-cv-777, 2006 WL 3422186, at *3 (D. Conn. Nov. 28, 2006) ("To the extent that [defendant] is arguing that her sentence was improper because the sentencing judge relied on an award of early release, the claim must be raised in a section 2255 motion filed with the sentencing court."); *see also Jefferson v. Berkebile*, 688 F. Supp.2d 474, 484 (S.D. W. Va. 2010) ("Where a defendant is sentenced on the basis of misinformation, as Petitioner claims to have been, the usual means of redress is to collaterally attack the sentence by motion pursuant to 28 U.S.C. § 2255."). Accordingly, the Court

---

[*] The BOP is authorized to implement drug abuse treatment programs such as the RDAP pursuant to U.S.C. § 3621(b). As an incentive for successful completion of the RDAP, prisoners with non-violent offenses may receive a reduced sentence up to one year upon completion of the program. *See* 18 U.S.C. § 3621 (e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons."). 28 C.F.R. § 550.55 provides in part that inmates whose current felony offense is a felony that "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" are ineligible for early release consideration. 28 C.F.R. § 550.55(b)(5)(ii). As such, a sentencing enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) renders a defendant ineligible for early release under the program. *See Boone v. United States*, No. 5:10-cv-00090, 2010 WL 2079736, at *1 (S.D. W. Va. May 19, 2010).

**FINDS** that Defendant's motion [Docket 112] is a successive section 2255 motion and as such must comply with the certification requirement of 28 U.S.C. § 2255(h).

"A second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). To obtain certification from the court of appeals, a movant must demonstrate that the successive motion contains either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* Defendant has failed to obtain authorization from the Fourth Circuit Court of Appeals to file a successive motion. *See In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004) ("The initial determination of whether a claim satisfies these requirements must be made by a court of appeals."). As Defendant has not obtained a certificate of appealability from the Fourth Circuit as required by 28 U.S.C. § 2255(h), this Court lacks subject matter jurisdiction over his motion [Docket 112] and it is hereby **DISMISSED**. A separate Judgment Order will be entered this day implementing the rulings contained herein.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: August 1, 2011

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE